UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MANIKA LEWIS,**  CASE NO.:

    **Plaintiff,**

v.

**THOMAS HARKER, ACTING SECRETARY, U.S. DEPARTMENT OF THE NAVY,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, MANIKA LEWIS, hereby sues Defendant, THOMAS HARKER, ACTING SECRETARY, U.S. DEPARTMENT OF NAVY, and alleges:

## JURISDICTION

1. This is an action brought under 42 U.S.C. §2000e *et seq.*, 42 U.S.C. §1981a, and 29 U.S.C §621, *et seq*. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction). Attorneys fees and costs are also sought under 28 U.S.C. §2412.

2. This is an action involving claims which are, individually, in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, MANIKA LEWIS, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her race (black) and age (over 40) and because she reported unlawful employment practices and was subject to reprisal/retaliation thereafter.

4. Defendant, THOMAS HARKER, ACTING SECRETARY, U.S. DEPARTMENT OF NAVY, is organized and existing under the laws of the United States and doing business under the laws of the United States and the State of Florida.

5. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiff, a forty-nine (1968) year-old black female, began her employment with Defendant on October 29, 2017 at USN Yokosuka, Japan on July

10, 2017 as a Staff Mammographer GS-08. In or around 2019 Plaintiff was the only African American female Staff Mammographer over 40 in her unit.

8. When Plaintiff began working with Defendant, her prior employer, the United States Air Force, contacted Defendant and sent paperwork that was unfavorable to Plaintiff and is believed to have contained information about a lawsuit she previously filed against the Air Force.

9. Following receipt of this paperwork, her supervisor Lt. Caudil told Plaintiff he would make her perform Mammography Supervisor GS-10 duties for over 120 days without pay.

10. Another Staff Mammographer GS-08 named Loyce Riddle, a white female working at USN Branch Health Clinic (BHC) in Iwakuni, Japan, was not required by Defendant to perform Mammography Supervisor GS-10 duties without pay.

11. In comparison, Defendant only required Riddle to conduct mammograms and see patients without having to do the supervisory duties of, specifically and without limitation, conducting Quality Control checks, supervising the mammography program, and branch clinics for imaging services.

12. On or around July 2019, Plaintiff spoke with Lt. Caudil about applying for a promotion to Mammography Supervisor GS-10 since she was already performing Mammography Supervisor GS-10 duties.

13. On or around August 16, 2019, Combined Naval Region Japan (CNRJ) Human Resources Office (HRO) stated that Plaintiff was not qualified for a temporary promotion to Mammography Supervisor GS-10. Defendant did not give Plaintiff an explanation.

14. Despite formally denying Plaintiff a promotion to Mammography Supervisor GS-10, on or around August 19, 2019, Defendant revised Plaintiff's Department of Defense Performance Management and Appraisal Program (DPMAP) to include Mammography Supervisor GS-10 duties. Defendant did not give Plaintiff additional pay.

15. On or around September 20, 2019, Defendant told Plaintiff she would be expected to execute all tasks and critical elements listed or not in her DPMAP. These expectations included the Mammography Supervisor GS-10 duties.

16. On or around January 17, 2020, Plaintiff met with all the head officers, including Caudil and Ashley Espiritu, to let Espiritu know that Plaintiff had been working as a Mammography Supervisor GS-10 without proper pay.

17. At the end of the meeting on January 17, 2020, Espiritu instructed Plaintiff to cease performing all Mammography Supervisor GS-10 duties and to only perform the duties outlined in her Staff Mammographer GS-08 Position Description (PD).

18. However, despite Espiritu's explicit instructions for Plaintiff to cease performing Mammography Supervisor GS-10 duties without proper compensation, on or about January 21, 2020, Lieutenant Caudil annotated negative remarks in Plaintiff's DPMAP stating that Plaintiff was refusing to do the job that she was supposed to do, that is, the Mammography Supervisor GS-10 duties, which was false. Plaintiff was concerned that she was being required to perform supervisor duties without the requisite pay.

19. On or around February 3, 2020, Lieutenant Caudil gave Plaintiff a letter of suspension of mammography privileges because she would not perform Mammography Supervisor GS-10 duties.

20. In addition, on or around February 3, 2020, Defendant approved a younger white female ultrasound technologist's leave request and denied Plaintiff's leave request. The white female technologist was at least twenty years younger than Plaintiff at the time.

5

21. On or around February 4-6, 2020, Plaintiff again spoke with Caudil's supervisor, Commander Ashley Espiritu and the Executive Officer of the Hospital about the pay discrepancy, the suspensions, and the denial of Plaintiff's leave request. However, Defendant refused to lift the suspension of Plaintiff's Staff Mammographer GS-08 mammography privileges or take remedial measures.

22. Defendant gave Plaintiff the run around and failed to investigate any of the incidents Plaintiff reported. To the contrary, Defendant told Plaintiff they would remove the letter of suspension and give Plaintiff a letter of requirement telling Plaintiff she had to do the Mammography Supervisor GS-10 duties. Again, this was all without proper compensation.

23. On or around February 25, 2020, Defendant gave Plaintiff a letter of requirement to conduct quality checks on radiology equipment, a Mammography Supervisor GS-10 duty.

24. On or around February 28, 2020, Defendant tasked Plaintiff with drafting a memorandum to American College of Radiology (ACR) accreditation stating that certain quality control documentation (QC) was not permitted and that Plaintiff had lied about the QC information she provided about deficiencies. Defendant was trying to use Plaintiff as a scapegoat and blamed her for failing to do the QC even when it was not her job.

25. On or around March 16, 2020, Defendant gave Plaintiff a revised pen and ink change to her position description and added that Plaintiff needed to do QC duties every week even though she stayed as a Staff Mammographer GS-08.

26. On or around March 16, 2020, Defendant gave Plaintiff new DPMAP that included duties not listed in the pen and ink changed position description.

27. Plaintiff appealed to the Office of Personnel Management requesting back pay for the Mammography Supervisor GS-10 duties Defendant continued to require her to perform.

28. On or around May 6, 2020, the Office of Personnel Management (OPM) issued Plaintiff a response denying her appeal for back pay. They acknowledged Plaintiff was assigned the additional duties outside the scope of her duties.

29. On May 20, 2020, Plaintiff applied for the Mammography Supervisor GS-10 position after she was referred by an individual in OPM stating that Plaintiff was qualified for the position as Mammography Supervisor GS-10.

30. Defendant subjected Plaintiff to terms and conditions of employment that differed from white applicants when it contrived reasons for denying Plaintiff the promotion to Mammography Supervisor GS-10.

31. Defendant denied Plaintiff's application by stating that they did not have a copy of her credentials, which was not true nor required—the application stated that applicants already working with Defendant did not have to submit additional documentation.

32. Furthermore, although Plaintiff's license was current, Defendant contrived allegations that Plaintiff was not qualified to serve as Mammography Supervisor GS-10.

33. In addition to having a current license, Plaintiff was qualified for the Mammography Supervisor GS-10 position based on experience—Plaintiff had previously performed similar GS-10 duties and worked as Chief of Mammography when she worked for the Air Force.

34. Subsequently, on or around July 2020, Defendant hired a white female to work in the GS-10 position. Defendant did not subject the white female to the conditions to which it subjected Plaintiff.

35. Due to Defendant's discriminatory actions toward Plaintiff, including but not limited to subjecting Plaintiff to additional terms and conditions of employment, stripping her of her Staff Mammographer GS-08 duties, and denying her promotions, Plaintiff developed a stress-related illness and left Defendant in August 2020 to return to the United States for treatment.

36. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

37. Paragraphs 1 through 36 are re-alleged and incorporated herein by reference.

38. This is an action against Defendant for discrimination based upon race brought under 42 U.S.C. §2000e *et seq*.

39. Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendant who are not black and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

40. Defendant is liable for the differential treatment and hostility toward Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

41. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

42. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive, stressful and offensive work environment within the meaning of the statutes referenced above.

43. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

44. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to adverse actions against Plaintiff.

45. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of the statutes referenced above.

46. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay,

bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## AGE DISCRIMINATION

47. Paragraphs 1 through 36 are re-alleged and incorporated herein by reference.

48. This is an action against Defendant for discrimination based upon age brought under 29 U.S.C. §621 *et seq*.

49. Plaintiff has been the victim of discrimination on the basis of her age in that he was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

50. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

51. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

52. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above and to adverse actions against Plaintiff.

53. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

54. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

55. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of 29 U.S.C. §621 *et seq.*

56. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to liquidated damages under the ADEA.

## COUNT III
## REPRISAL/RETALIATION

57. Paragraphs 1 through 36 are re-alleged incorporated herein by reference.

58. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C. §2000e *et seq*.

59. Defendant is an employer as that term is used under the applicable statutes referenced above.

60. The foregoing unlawful actions by Defendant were purposeful.

61. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above. The events set forth herein lead, at least in part, to adverse actions against Plaintiff.

62. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

63. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss

of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

14

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 12th day of May, 2021.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801

ATTORNEYS FOR PLAINTIFF